

FILED

THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2010 MAR 15 PM 2:55

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

ISABEL SHEELEY,

    Plaintiff,

v.

    CASE NO. 3:10-cv-231-J-34JRK

ADVANCED CHECK PROCESSING,

    Defendant.
_____/

## COMPLAINT

COMES NOW the Plaintiff, ISABEL SHEELEY ("Plaintiff"), by and through her attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, ADVANCED CHECK PROCESSING ("Defendant"), alleges and affirmatively states as follows:

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Because Defendant conducts business and is located in the state of Florida, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(1).

5. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

## PARTIES

6. Plaintiff is a natural person who resides in Laurel, Maryland.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

9. Plaintiff is informed and believes, and thereon alleges, that Defendant is a national company with a business office in Jacksonville, Duval County, Florida.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt.

12. Defendant contacts Plaintiff from telephone numbers (904) 551-0777 and (904) 619-3951 seeking and demanding payment for an alleged debt.

13. Defendant's representative, Ms. Taylor, stated to Plaintiff that she owes money from a company called PDM. Plaintiff informed Defendant that she paid PDM two (2) years ago.

14. Plaintiff has informed Defendant on multiple occasions that she cannot afford to pay at the moment and to please call back at a later date. Defendant told Plaintiff to borrow money and get the debt paid immediately.

15. Defendant continues to contact Plaintiff despite being informed of this.

16. Defendant talks to Plaintiff in a rude and harassing manner when seeking and demanding payment for the alleged debt.

17. Defendant communicated to third parties, Plaintiff's aunt, father and ex-employer, that Plaintiff owes a debt.

18. Defendant threatened to have Plaintiff arrested if she did not pay the alleged debt.

19. Defendant accused Plaintiff of committing fraud and threatened to file charges against Plaintiff if she did not pay the alleged debt.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

20. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   a. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, and abuse Plaintiff.

   b. Defendant violated *§1692b(2)* of the FDCPA by communicating with Plaintiff's aunt, father and ex-employer and stating that Plaintiff owes a debt

   c. Defendant violated *§1692c(b)* of the FDCPA by communicating with third parties, Plaintiff's aunt, father and ex-employer, in connection with the collection of Plaintiffs' alleged debt.

   d. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt

   e. Defendant violated *§1692d(2)* of the FDCPA by using abusive language in an attempt to collect the alleged debt.

f. Defendant violated *§1692d(5)* of the FDCPA by causing the phone to ring and engaging Plaintiff in telephone conversations repeatedly.

g. Defendant violated *§1692e* of the FDCPA by making false, deceptive, and misleading representations in connection with debt collection.

h. Defendant violated *§1692e(2)* of the FDCPA by falsely representing the character, amount, and/or legal status of a debt.

i. Defendant violated *§1692e(4)* of the FDCPA by threatening that the nonpayment of the alleged debt will result in arrest.

j. Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that cannot legally be taken or is not intended to be taken.

k. Defendant violated *§1692e(7)* of the FDCPA by misrepresenting that Plaintiff committed a crime in order to disgrace Plaintiff.

l. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by falsely implying that Plaintiff's non-payment of her alleged debt would result in Plaintiff's arrest or imprisonment.

m. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by threatening to file a lawsuit against Plaintiff even though Defendant does not intend to do so.

n. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by falsely representing and/or implying that Plaintiff committed a crime in order to disgrace the Plaintiff

o. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt because Plaintiff does not owe the money

       Defendant is attempting to collect

   p.  Defendant violated *§1692f(1)* of the FDCPA by attempting to collect an amount that is not authorized by the agreement or permitted by law because Plaintiff does not owe the money Defendant is attempting to collect

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

21. Declaratory judgment that Defendant's conduct violated the Federal Act, FDCPA.
22. Actual damages.
23. Statutory damages of $1000.00, pursuant to the Federal Act, 15 U.S.C. 1692k.
24. Costs and reasonable attorney's fees pursuant to the Federal Act, 15 U.S.C. 1692k.
25. Any other relief that this court deems to be just and proper.

RESPECTFULLY SUBMITTED,

By:   /s/James Pacitti
James Pacitti
Krohn & Moss, Ltd
10474 Santa Monica Blvd, Suite 401
Los Angeles, CA 90025
Phone: (323) 988-2400 ext. 230
Fax: (866) 802-0021
Attorney for Plaintiff
FBN: 119768

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, ISABEL SHEELEY, hereby demands trial by jury in this action.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

(STATE OF MARYLAND)

Plaintiff, ISABEL SHEELEY, says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, ISABEL SHEELEY, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 3/5/10

*[signature]*
ISABEL SHEELEY,
Plaintiff