UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ISABEL SHEELEY,

    Plaintiff,

v.                                                CASE NO. 3:10-CV-00231-J-34JBT

ADVANCED CHECK PROCESSING,

    Defendant.
_____/

## **REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on Plaintiff's Motion for Default Judgment (Doc. 7). To date, Defendant has not filed a response to the present Motion despite being given several opportunities to do so; therefore, the Court will treat the Motion as unopposed.[2] (*See* Docs. 8 &11.)

    **I.**    **Background**

On March 15, 2010, Plaintiff, Isabel Sheeley ("Sheeley"), filed her one-count Complaint against Defendant, Advanced Check Processing ("ACP"), alleging various violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. (Doc. 1.) Plaintiff's Complaint seeks a declaratory judgment, actual damages, statutory damages in the amount of $1,000.00, costs and reasonable attorneys' fees, and any other relief that the Court deems to be just and proper. (*Id.*) On April 19, 2010, Plaintiff served

---

[1] Any party may file and serve specific, written objections hereto within fourteen (14) days after service of this Report and Recommendation. Failure to do so shall bar the party from a *de novo* determination by a district judge of an issue covered herein and from attacking factual findings on appeal. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a), 6(a) & (e); M.D. Fla. R. 6.02(a) & 4.20.

[2] On August 4, 2010, the Court ordered Plaintiff to serve Defendant with the Motion for Default Judgment and a copy of that Order at Defendant's new address by August 13, 2010. (Doc. 11.) On August 11, 2010, Plaintiff filed a Certificate of Service, showing that Defendant was served with the Motion and Order by mail. (Doc. 12.) Plaintiff's service by mail was proper under Rule 5(b)(2)(C) of the Federal Rules of Civil Procedure. In addition, it appears that Defendant was also properly served with the Motion and Order when copies thereof were delivered to the co-tenant of Defendant's registered agent at his usual place of abode by a process server. (*See* Doc. 13, Ex. B.)

Defendant with the summons and the Complaint.  (Doc. 4-1.)  Nevertheless, to date, Defendant has not filed an answer or otherwise appeared in this case.  Accordingly, the Clerk of Court entered a default against Defendant on May 25, 2010.  (Doc. 6.)  Plaintiff now seeks entry of a default judgment against Defendant in the amount of $4,049.81, which includes $1,000.00 in statutory damages, $2,633.20 in attorneys' fees, and $416.61 in costs for the filing fee, service fee, and copying costs.  (Doc. 7.)

**II.    Standard**

Rule 55 of the Federal Rules of Civil Procedure sets forth the requirements for entry of a default judgment.  A default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances the case never has been placed at issue."  *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986).  While all well-pled allegations of fact are deemed admitted upon entry of a default, before entering a default judgment the Court must ensure it has jurisdiction over the claims and the complaint adequately states a claim for which relief may be granted.  *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *see also GMAC Commercial Mortgage Corp. v. Maitland Hotel Assocs.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002).  "[A] judgment by default may not be entered without a hearing [on damages] unless the amount claimed is a liquidated sum or one capable of mathematical calculation."  *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979) (per curiam); *see also SEC v. Smyth*, 420 F.3d 1225, 1231 (11th Cir. 2005).  However, where the essential evidence regarding damages is before the Court, a hearing may be unnecessary.  *See Smyth*, 420 F.3d at 1232 n.13.

### III. Discussion

#### A. Liability

This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1692k(d). Further, the Complaint adequately states a claim for violation of the FDCPA by alleging that Plaintiff is the object of collection activity arising from a consumer debt, Defendant is a debt collector as defined by the FDCPA, and Defendant has engaged in an act or omission prohibited by the FDCPA. *See McCorriston v. L.W.T., Inc.*, 536 F. Supp. 2d 1268, 1273 (M.D. Fla. 2008). Due to the entry of a default, Defendant is deemed to have admitted all well-pled allegations of fact. Therefore, Plaintiff is entitled to a default judgment and the Court will now turn to the issue of damages.

#### B. Damages

Although Plaintiff requested actual damages in the Complaint, in the present Motion she only seeks statutory damages in the amount of $1,000.00. The Court finds that an evidentiary hearing on the issue of damages is not necessary because the record is sufficient to calculate the amount of damages. The maximum amount of statutory damages per action, not per violation, under the FDCPA, is $1,000.00. *See* 15 U.S.C. § 1692k(a)(2)(A); *Harper v. Better Bus. Servs., Inc.*, 961 F.2d 1561, 1563 (11th Cir. 1992). Based on the allegations of the Complaint, which are deemed admitted, the undersigned determines that an award of statutory damages is appropriate and the nature of Defendant's violations warrants the maximum award. Therefore, the undersigned will recommend that Plaintiff be awarded statutory damages in the amount of $1,000.00.

#### C. Costs and Attorneys' Fees

Plaintiff seeks costs in the amount of $416.61, which includes $350.00 in filing fees, $55.00 in service fees, and $11.61 in copying costs. (Doc. 7.) The costs awarded under 15 U.S.C. § 1692k(a)(3) are limited to costs allowed by 28 U.S.C. § 1920. *Selby v. Christian Nicholas & Assocs., Inc.*, 2010 WL 745748, at *4 (M.D. Fla. Feb. 26, 2010) (citing *Montgomery v. Fla. First Fin. Group, Inc.*, 2008 WL 3540374, at *15 (M.D. Fla. Aug. 12, 2008)). Pursuant to § 1920, the "[f]ees of the clerk and marshal" and "the costs of making copies of any materials where the copies are necessarily obtained for use in the case" may be taxed as costs. 28 U.S.C. § 1920(1) & (4).

Because filing fees and service fees are recoverable under § 1920, the undersigned will recommend that Plaintiff be awarded costs in the amount of $405.00 for filing fees and service fees. Moreover, since the copy costs are in the minimal amount of $11.61, the undersigned believes the copies were necessarily obtained for use in the case. Thus, the undersigned will recommend that Plaintiff be awarded costs in the amount of $416.61.

Plaintiff also seeks attorney's fees in the amount of $2,633.20. (Doc. 7.) "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed." *Id.*

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). "The applicant bears the burden of producing satisfactory evidence that the

requested rate is in line with prevailing market rates." *Id.* "Evidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence." *Id.* "It is perfectly proper to award attorney's fees based solely on affidavits in the record." *Id.* at 1303.

The court "may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id.* In determining the reasonableness of the hourly rate, the court may also consider the twelve factors[3] enumerated in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). *Loranger v. Stierheim*, 10 F.3d 776, 781 n.6 (11th Cir. 1994).

Plaintiff's fee request is based upon the following hourly rates: $394.00 for Adam Krohn, $325.00 for James Pacitti, $270.00 for Peter Cozmyk, $225.00 for Jamie Cantwell, and $125.00 for paralegals. (Doc. 7-2.) Although Plaintiff bears the burden of proving that these rates are in line with the prevailing market rates, Plaintiff has not offered adequate support for such a conclusion. Plaintiff's counsel introduces the schedule of fees by stating: "Pursuant to the Guidelines as per the *Consumer Law Attorney Fee Survey and the Experience of Plaintiff's Attorneys*, Plaintiff calculates attorneys' fees as follows . . . ." (*Id.*) The Court has recently found an identical "representation to be insufficient to satisfy Plaintiffs [sic] burden of demonstrating the reasonableness of these hourly rates" and

---

[3] The twelve factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and the ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; (12) awards in similar cases. *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

decided to "determine the applicable reasonable hourly rate based on its own experience." *Selby*, 2010 WL 745748, at *5.

Further, as in *Selby*, the relevant legal community in this case is the Middle District of Florida and the attorneys' fees should be calculated based on the prevailing market rates in this District. *See id.* To determine the prevailing market rates in this District, the Court needs to consider the skills of the attorneys involved in the case. *Id.* Plaintiff, however, has not provided any information regarding her attorneys' experience or level of expertise. As in *Selby*, the Court notes that this is an action of a routine nature and "[i]n the absence of any specific information regarding the expertise, reputation, and ability of the various attorneys who litigated this action" as well as "any other information relevant to the determination of a reasonable rate, the Court will determine an average rate to be applied to all of Plaintiffs [sic] counsel, based on the routine nature of this litigation and the Court's knowledge of the fees customarily charged in this market." *Id.*

The Court finds the hourly rates requested by Plaintiff's counsel and paralegals to be excessive in this market. "[A] reasonable hourly rate for a routine matter of this nature in the Middle District of Florida" for attorneys is $200.00 and for paralegals it is $95.00. *Id.* at *6. Accordingly, the Court finds that a reasonable hourly rate for Adam Krohn, James Pacitti, Peter Cozmyk, and Jamie Cantwell is $200.00, and a reasonable hourly rate for the paralegals is $95.00.

Next, the Court needs to determine the reasonable number of hours expended on the case. Reasonable hours are those that would be reasonable to bill to a client and that are not "excessive, redundant or otherwise unnecessary." *See Norman*, 836 F.2d at 1301.

6

In the present case, the billing records attached to the Motion indicate that the hours expended on the case are as follows: 0.8 hours by Adam Krohn, 1.5 hours by James Pacitti, 4.4 hours by Peter Cozmyk, 0.3 hours by Jamie Cantwell, and 4.6 hours by paralegals. (Doc. 7-2.) Upon the Court's independent review, the hours billed by Plaintiff's attorneys and paralegals appear to have been reasonably expended. Multiplying Plaintiff's attorneys' combined hours (totaling seven hours) by the hourly rate of $200.00 produces a fee of $1,400.00. In addition, multiplying Plaintiff's paralegal hours (totaling 4.6 hours) by the hourly rate of $95.00 produces a fee of $437.00. Therefore, the lodestar in this case is $1,837.00. While the Court may adjust the lodestar in light of the results obtained, the undersigned will not recommend an upward or downward adjustment as neither party has requested it and the undersigned's independent review of the record does not demonstrate that it would be justified. Accordingly, the undersigned will recommend that Plaintiff be awarded attorneys' fees in the amount of $1,837.00.

**IV.   Conclusion**

Based on the foregoing, the undersigned will recommend that Plaintiff be awarded the following: statutory damages in the amount of $1,000.00, costs in the amount of $416.61, and attorneys' fees in the amount of $1,837.00.

Accordingly, it is respectfully **RECOMMENDED** that:

1.   Plaintiff's Motion for Default Judgment (**Doc. 7**) be **GRANTED in part** and **DENIED in part**.

   a.   The Motion be **GRANTED**, to the extent that Plaintiff be awarded damages in the amount of $3,253.61, consisting of $1,000.00 in statutory damages,

$1,837.00 in attorneys' fees, and $416.61 in costs.

      b.      The Motion be otherwise **DENIED**.

    2.      The Clerk of Court be **DIRECTED** to enter judgment in favor of Plaintiff, Isabel Sheeley, and against Defendant, Advanced Check Processing, for the sum of Three Thousand Two Hundred Fifty-Three Dollars and Sixty-One Cents ($3,253.61), terminate any pending motions, and close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on September 13, 2010.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:    The Honorable Marcia Morales Howard
              United States District Judge

              Counsel of Record

              Advanced Check Processing
              1436 Arlingwood Avenue
              Jacksonville, Florida 32211